MAHAN v. STATE OF INDIANA.

[No. 24,649.   Filed May 14, 1925.]

INTOXICATING LIQUORS.—*Evidence held sufficient to sustain conviction for having still for manufacture of intoxicating liquor.*—Evidence that accused kept a dance hall and owned a cottage on the back of the same lot, access to which was blocked except through the dance hall, partly by natural means and partly by artificial means placed there by accused, that a still was found in the cottage with materials for making whisky, and whisky in the coil, is sufficient to support the inference that accused had the still in his possession and under his control, and for the purpose of making whisky.

From Marion Criminal Court (55,843); *James A. Collins*, Judge.

Frank Mahan was convicted of possessing a still, and he appeals. *Affirmed.*

*Arthur R. Robinson, Frank A. Symmes* and *Garth B. Melson*, for appellant.

*U. S. Lesh,* Attorney-General, and *O. S. Boling,* for the State.

EWBANK, J.—Appellant and another were charged by indictment with the offense of unlawfully and feloniously having in their possession and under their control a certain still and distilling apparatus for the manufacture of intoxicating liquor in violation of the laws of the State of Indiana. Appellant was found guilty. He filed a motion for a new trial for the alleged reason that the verdict was not sustained by sufficient evidence and was contrary to law, and overruling that motion is assigned as error. There was evidence that appellant owned a dance hall and restaurant, and a cottage in the rear of the dance hall, at "Ravenswood," a summer resort near Indianapolis; that the cottage was at Seventy-sixth street and White river, but for two or three months before appellant's arrest the water had been over the street both east and west of the cottage, so that it could only be reached through an alley in the rear; that appellant's dance hall extended back to the same alley, which was blocked with stumps and logs at one end, and with a ladder at the other, so that the cottage could not be reached without going through appellant's place; that appellant had put the blockade in the alley, saying it was to keep people from driving across his yard; that the cottage was rented at one time, but had not been occupied by a tenant for two or three months before the arrest was made; that the neighbors had seen appellant in the back yard of the cottage, and around the rear of it at different times; that the place back there was not lighted at night; that on the day after Christmas, 1923, a deputy sheriff, with a search warrant, entered the cottage and found there a fifteen gallon still, complete, with white mule whisky in the coil, two fifty-gallon barrels containing 100 gallons of corn mash, a three-burner oil stove, a gauge and some measures;

that the furniture in the cottage had the appearance of not having been used "since last summer," the cooking utensils were dusty, the beds were not made, and the mattresses were rolled up; that appellant was found over at the dance hall, and said he slept in a room adjoining the restaurant; that the tenant who had occupied the premises during the summer had moved out three months before, at which time the still was not there, and since then the neighbors had not seen anybody there except appellant and his codefendant.

The statute makes it unlawful for any person to have in his possession or under his control any still or distilling apparatus for the manufacture of intoxicating liquor in violation of the laws of this state. §1, Acts 1923 p. 107. And the evidence above set out supports the inference which the trial court drew that appellant had in his possession or under his control the still found in his cottage, and that he so had it for the purpose of manufacturing white mule whisky, such as was found in the coil.

The judgment is affirmed.